[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#129)
On August 16, 1995, the plaintiffs, Pace Construction Inc. Pension Plan (Pace Construction) and Anthony DiCocco, filed a twelve count revised complaint against Gene Citrano, Esq., Wallace R. Williams, Esq., and Lawyers Title Insurance Corporation (Lawyers).
The complaint alleges the following facts. On four separate occasions the plaintiffs were the lender-mortgagee on mortgage loans for which Citrano was retained to prepare the necessary legal documents. Williams was allegedly engaged by Citrano to provide a title insurance binder and policy through Lawyers for the benefit of the plaintiffs. For each of the mortgage loans Citrano negligently prepared documents with the wrong mortgagor and because of his negligence the mortgages were not properly secured. Williams acted negligently because he prepared the interim insurance binders which insured title in parties other than those named in the mortgages. Thus, the interim insurance binders and subsequent insurance policies issued by Lawyers did not properly insure the documents that were prepared to secure the loan. Finally, the plaintiffs allege that because Williams was acting as an agent for Lawyers, Lawyers is liable to the plaintiffs for the negligence of its agent. CT Page 673
On June 15, 1995, Williams filed an answer denying that he was engaged by Citrano to provide the title insurance binder and policy. On August 28, 1995, Lawyers filed an answer in which it admits that Williams was acting as its agent. On September 29, 1995, Lawyers moved for summary judgment on counts three, six, nine and twelve. (#129). Pursuant to Practice Book § 204(e) and 380, Lawyers submitted a memorandum of law and supporting documents including an affidavit from Williams. Williams states in his affidavit that he informed Citrano that the mortgage deed document, which Citrano had prepared, might not create a valid mortgage because the person who was intended to execute it was not in the chain of title. Williams states that Citrano disagreed with him and Williams deferred to his judgment.
On November 10, 1995, the plaintiffs submitted a memorandum of law and documents in opposition to Williams' motion for summary judgment (#132). These documents include an affidavit from Mark Pace, an officer of Pace Construction. Pace states in his affidavit that Williams never advised him that the mortgage documents, as prepared, would not properly secure the loan. Furthermore, Pace states that Williams, as the borrower's attorney and in his capacity as insurance agent for Lawyer's, purported to provide the plaintiffs with title insurance binders for each of the four loans.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co,235 Conn. 185, 202, 663 A.2d 1001 (1995). The test for deciding a motion for summary judgment is "whether a party would be entitled to a directed verdict on the same facts." Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 106, 639 A.2d 507 (1994).
Lawyers contends that it is entitled to summary judgment on four separate grounds.
A. Williams Does Not Owe the Plaintiffs A Duty.
Lawyers adopts the argument made by Williams in his CT Page 674 memorandum of law filed in support of his motion for summary judgment on June 21, 1995. In his memorandum Williams contends that he is entitled to summary judgment because he does not owe the plaintiffs an actionable duty. Similarly, Lawyers argues that it cannot be held liable for it agent's negligence because the agent did not owe the plaintiffs a duty.
On January 5, 1996, the court, Hartmere, J., denied Williams' motion. The court held that as an agent for the insurance company, Williams owed a duty of care to the insured-plaintiffs. See Maturo v. Gerard, 196 Conn. 584, 494 A.2d 1199
(1985) (holding that "[w]here an agent commits or participates in the commission of a tort . . . he is liable to third persons injured thereby." Id. 588.). See also Sportsmen's Paradise v.Peerless Insurance, Co., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 052606 (February 6, 1992, Dranginis, J., 7 CSCR 401).
"A principal is generally liable for the authorized acts of his agents. . . ." Gateway Co. v. DiNoia, 232 Conn. 223, 240,654 A.2d 342 (1995). Accordingly, because Williams owed the plaintiffs a duty of care, Lawyers' argument that they are entitled to summary judgment because its agent did not owe an actionable duty is without merit.
B. Lawyers Fulfilled its Obligations Under the Interim Binders.
Lawyers contends that it cannot be held liable because it fulfilled its duties under the four interim binders. Lawyers contends that for all but one of the loan mortgages, it was unable to issue the insurance policies because the necessary documents were not filed by the plaintiffs. Accordingly, Lawyers argues it cannot be held liable for failure to issue the insurance policies because the plaintiffs failed to satisfy the necessary conditions precedent.
Lawyers' argument is misplaced because the plaintiffs are not alleging that Lawyers failed to fulfill its obligations pursuant to the interim binders. The plaintiffs' claims are based on the negligent preparation of the interim binders by Lawyers' agent. Furthermore, even if the plaintiffs had filed the necessary documents and Lawyers had issued the insurance policies, the plaintiffs would have remained uninsured because the name of the title holder on the insurance policy would CT Page 675 differ from the name of the mortgagor on the mortgage documents. Thus, Lawyers' argument that it fulfilled its obligations does not detract from the plaintiffs' claims that Williams negligently prepared the binders. Whether or not Lawyers fulfilled its obligations under the interim binders is irrelevant in light of the allegations of the complaint.
C. The Plaintiffs Created, Suffered, Assumed, or Agreed to the Defect in Title.
Lawyers contends that it is entitled to summary judgment because the plaintiffs created, suffered, assumed, or agreed to the defect in title. Lawyers bases this argument on a clause contained in the form of policy for which the plaintiffs applied. This clause excludes from policy coverage any defects created, suffered, assumed or agreed to by the insured claimants.[1] Lawyers argues that the plaintiffs' claims are excluded from coverage because they chose to execute the documents despite being fully aware of the potential defects in the mortgage.
Lawyers' argument is meritless for two reasons. First, Lawyers relies on a clause that excludes certain claims from coverage of the policy. The plaintiffs, however, are not claiming that they are entitled to insurance proceeds under a policy or under the interim binders. The plaintiffs' claims against Lawyers are based on the negligence of its agent in preparing the binders. Therefore, Lawyers' reliance on a clause that excludes certain claims from policy coverage is misplaced in light of the nature of the plaintiffs' allegations.
Additionally, Lawyers' argument assumes that there is no genuine issue regarding the plaintiffs' attorneys knowledge of the defective mortgage agreements. This assumption is based on Williams' statement in his affidavit that he informed Citrano and Mark Pace of the potential problem. The plaintiffs, however, submitted the affidavit of Mark Pace, in which he states that Williams never informed him that the mortgage documents did not properly secure the loans. Thus, Lawyers assumption is incorrect because there is a genuine issue regarding whether the plaintiffs agents were aware of the potential defect. Accordingly, this argument for summary judgment is without merit.
D. Lawyers was Prejudiced by the Plaintiffs' Failure to CT Page 676 Give Prompt Notice of Their Claims.
Lawyers argues that they are entitled to summary judgment because the plaintiffs claims' are time barred. It bases this argument on a clause contained in the form of policy for which the plaintiffs applied.[2] This clause requires prompt notification of any claim of title or interest that is adverse to the insured mortgage. Lawyers argues that because the plaintiffs failed to give prompt notification of the claims alleged in this action these claims are time barred.
This argument is inapposite because the plaintiffs are not claiming that there is an adverse interest to their insured mortgage. Rather, the plaintiffs are claiming that their mortgage was never insured because of the negligence of Lawyers' agent. Therefore, the delay is irrelevant because the plaintiffs are not attempting to make a claim under the policy or interim binders. Accordingly, this argument for summary judgment is without merit.
Lawyers motion for summary judgment is denied because it fails to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.
BALLEN, J.